## WRIGHT v. SECURITIES AND EX-CHANGE COMMISSION.

### No. 186.

Circuit Court of Appeals, Second Circuit.

April 3, 1943.

734

Milton I. Hauser, of New York City (Garey, Desvernine & Garey, Isidor J. Kresel, Eugene L. Garey, and A. J. Nydick, all of New York City, on the brief), for petitioner.

Homer Kripke, Asst. Sol., of Philadelphia, Pa. (John F. Davis, Sol., Orrin C. Knudsen, Counsel, Trading and Exchange Division, and Joseph B. Levin, all of Philadelphia, Pa., on the brief), for respondent.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

When this case was before us previously, Wright v. Securities and Exchange Commission, 2 Cir., 112 F.2d 89, we held that there was substantial evidence to support the Commission's finding that petitioner had manipulated the market in violation of the Securities Exchange Act of 1934, § 9(a) (2), 15 U.S.C.A. § 78i(a) (2), but that there was no such evidence to support a finding that he had matched orders to create a false appearance of active trading in a security, in violation of § 9(a) (1), 15 U.S.C.A. § 78i(a) (1). A majority of the court held that we lacked power to supervise the discretionary determination of the Commission that expulsion of petitioner from the securities exchanges of which he was a member was necessary and appropriate for the protection of investors, § 19(a) (3), 15 U.S.C.A. § 78s(a) (3); but we returned the case to the Commission to allow it to determine whether its order was too harsh, in view of the ruling that only a single statute had been violated. Thereafter the Commission held a further hearing and filed with its order again expelling petitioner from the exchanges an opinion reciting at some length its reasons for believing that his expulsion for violation of § 9(a) (2) of the Act was both necessary and appropriate for the investors' protection. In summary it found that he "was thoroughly familiar with the nature of his acts and the prohibitions of the statute, had assumed a leading role in the manipulative scheme, and committed gross breaches of fiduciary relationship in the course of executing the scheme." Securities Exchange Act 1934 Release No. 3308, Sept. 17, 1942. In view of our previous ruling, we see no occasion now to upset this exercise of the Commission's discretionary power. See, also, Archer v. S. E. C., 8 Cir., Feb. 15, 1943, 133 F.2d 795, 803.

Petitioner has made further claims of unconstitutionality of the Act, but we think our previous discussion covers this issue adequately. A new point is raised, however, that there was denial of due process, because the Commission in its opinion referred to petitioner's testimony in the Hearings before the Senate Committee on Banking and Currency, "Stock Exchange Practices," held in 1934 while legislation was under consideration and before passage of the Act. The Commission's opinion, in dealing with the issue of petitioner's willfulness, first quotes at some length his evidence before the Commission, wherein, upon examination as to the extent of his knowledge of market manipulations, he referred to his testimony before the Senate; then, in a footnote, it cites this testimony as a matter of public record and states that in an appendix "we set out extracts from the testimony to which Wright apparently referred"; and finally, in an appendix it quotes several pages of this earlier testimony concerning pool operations to manipulate the price of stock. Since the Commission had originally found willfulness on petitioner's part and here once more reiterates its findings upon the basis of facts before it apart from petitioner's own evidence, it is clear that this

reference to the earlier testimony is at most a makeweight added as further justification for a position already assumed. We think it incumbent upon the Commission to exercise care to avoid even the appearance of using evidence against an accused person before it to which he has not had opportunity to reply in that very proceeding; but we cannot regard this comparatively trivial and, at most, superfluous matter as constituting a denial of due process or as finally vitiating this protracted and otherwise unexceptional proceeding.

The order of the Commission is affirmed.